**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

VALARIE J. TORRES,

    Plaintiff,

v.                                          CIVIL ACTION NO.:  3:21cv0001

UNIVERSITY OF VIRGINIA HEALTH SYSTEM,

    Defendant.

## COMPLAINT

COMES NOW the plaintiff, by counsel, and files this Complaint alleging and representing as follows:

## PRELIMINARY STATEMENT

1.     This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of racial and disability discrimination and retaliation, to vindicate plaintiff's rights and the rights of other persons also denied employment opportunities on the basis of race and disability, and to make plaintiff whole.  The plaintiff is a person protected under the above referenced and ancillary statutes.  Defendant acted unlawfully towards plaintiff by creating and/or tolerating a work environment in which plaintiff was discriminated against and harassed by co-workers on the basis of her race and national origin. Defendant acted unlawfully towards plaintiff by refusing to accommodate her disability and by harassing her and penalizing her for suffering her disability symptoms.  Defendant acted unlawfully towards plaintiff by terminating her employment in retaliation for her reporting and complaining about discrimination and a hostile work environment.

2.      The court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. Sections 1331 and 1343.

3.      The employment practices and civil rights violations complained herein were committed in the Western District of Virginia.

4.      Plaintiff has exhausted her administrative remedies and satisfied all administrative prerequisites by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission, and by filing this Complaint within ninety (90) days of her receipt of a notice of right to sue issued by the United States Equal Employment Opportunity Commission.

5.      Plaintiff is a citizen and resident of Charlottesville, Virginia.

6.      Defendant, University of Virginia Health System, is an entity engaged in the business of providing hospital services to the public via a hospital located in Charlottesville, Virginia.

7.      On or around January 2010, plaintiff was employed as a medical assistant at UVA Medical Center in Charlottesville, Virginia. On or around August 24, 2018 she transferred to the UVA Orthopedic Hand Center. Plaintiff suffered from PTSD, anxiety and panic attacks, conditions diagnosed and treated by her physician(s), protected under the ADA/AADA, entitled to reasonable accommodation under those statutes, and known to the employer prior to plaintiff's transfer to the Hand Center.

8.      While employed at the Hand Center, plaintiff suffered:

      a.      discrimination based on her race,

      b.      harassment and discrimination based on her qualified disability, and

    c.      discrimination and harassment in the form of retaliation for complaining of unlawful discrimination.

9.      The unlawful harassment and discrimination included:

    a.      Plaintiff's supervisor disrespected plaintiff's right to wear her hair and makeup in a manner consistent with plaintiff's race and culture. To the contrary, plaintiff's supervisor ridiculed plaintiff's hair and makeup that was professional while still culturally consistent with her race. This harassment occurred without any lawful basis nor any legitimate business need of the defendant.

    b.      Defendant repeatedly and continually denied plaintiff the training for her new job at the Hand Center that was required by employer's own manual and necessary for plaintiff to properly, safely and confidently perform her job. Plaintiff made repeated requests and reminders to defendant that she needed and wanted the training so that she could properly and fully perform her job duties. Defendant refused to provide the training. Defendant did provide the required training for new white employees and did so within the six (6) month period that the defendant's own rules mandate. Defendant provided necessary and timely training to white employees hired after plaintiff was hired at the Hand Center even though plaintiff had still not received her training.

    c.      Defendant discriminated against other black employees as well in not providing mandatory training that was provided to white employees.

    d.      Defendant singled out plaintiff for floating to other departments while not requiring white employees to float.  Prior to plaintiff transferring to Hand Center all of the registered medical assistants would rotate when one was needed to float to another department.

3

After plaintiff was hired, her supervisor would only float plaintiff to other departments. This practice included floating plaintiff when she was not needed at that department to which she was sent, floating plaintiff even though there were newer employees in the Center than plaintiff, floating plaintiff when the Hand Center needed someone doing plaintiff's job so much that it was then necessary for the Center to call in a PRN employee to cover plaintiff's position, and floating plaintiff without requiring any other RMA to float.

e.      Prior to plaintiff's transfer there was in plaintiff's employment record documented notice that claimant had a diagnosed anxiety problem and that she should be allowed to seek treatment when she suffered an anxiety attack. Notwithstanding this documented condition, protected by the ADA/AADA, when claimant informed her supervisor that she was experiencing an anxiety episode and needed medical help, she was denied the medically necessary, legally required, and minimally-involved accommodation of getting treatment but instead was derided and disciplined for the symptoms she exhibited during the panic attack.

f.      The defendant refused to take any steps to remedy the discrimination and harassment despite repeated complaints by plaintiff to her supervisor, human resources department, FEAT (Faculty Employee Assistance Program), and the ombudsman. The employer did not address the discrimination or harassment but, rather retaliated against her and used plaintiff's documented medical condition as an excuse for terminating plaintiff.

10.      Plaintiff was terminated on or around December 13, 2019 in retaliation for reporting and complaining of discrimination.

4

11.     Plaintiff suffered an aggravation of her mental health condition and increased depression caused, at least in part, by defendant's unlawful harassment, discrimination and retaliation rendering plaintiff unable to maintain employment subsequent to her termination.

12.     Plaintiff is entitled to a declaration that defendant acted in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, and the Americans With Disability Act and its amendments.

13.     As a result of defendant's violation of the law as alleged herein, plaintiff suffered the loss of wages and the indignity, humiliation and embarrassment of being discriminated against.

14.     As a result of defendant's conduct as described herein, plaintiff suffered emotional distress and anxiety for which she should recover such sums as a jury may award.

15.     Plaintiff is entitled to an order compelling her re-hiring with defendant, or in the alternative, an order of judgment for future lost earnings in an amount to be proved at trial.

16.     Defendant's acts were done intentionally and with an improper discriminatory motive and with a reckless indifference to plaintiff's state and federally protected rights.

17.     Such conduct should not be tolerated and punitive damages in the amount fixed by a jury and available under applicable law, should be awarded to punish defendant and deter such conduct in the future.

18.     The court should enter a permanent injunction prohibiting defendant from engaging in future discrimination in employment and make such order under such terms as the court deems appropriate.

19.     The plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. Section 2000e (5) (k).


## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.     Assume jurisdiction over the cause set forth herein.

2.     Declare defendant in violation of the Civil Rights Acts and ancillary statutes cited herein.

3.     Grant a permanent injunction enjoining defendant, it's officers, management personnel, employees, agents, and all persons in active concert or participation with defendant, from engaging in employment practices which discriminates on the basis of race or disability on such terms as the court may direct.

4.     Order defendant to carry out and institute policies, practices and programs providing for equal employment opportunities to all individuals regardless of race or disability.

5.     Order defendant to employ plaintiff, or in the alternative, to award plaintiff compensation for lost earning capacity and future earnings and benefits of employment in such amounts as are determined at trial.

6.     Order defendant to make plaintiff whole by compensating her for past and future pecuniary losses, including expenses, lost past earnings and benefits of employment, including medical and health care expenses, caused by plaintiff's loss of employment opportunity, all in such amounts as to be proven at trial.

7.      Order defendant to make plaintiff whole by providing compensation for non

pecuniary losses, including emotional pain and suffering, mental anguish, humiliation,

embarrassment, and loss of enjoyment of life, all in such amounts as are to be proven at trial.

8.      Order defendant to pay punitive damages to plaintiff in the amount to be

determined at trial for defendant's deliberate and malicious deprivation of plaintiff's civil rights

as cited herein.

9.      Award plaintiff her costs of suit and her reasonable attorneys fees, costs and

expert witness fees pursuant to 42 U.S.C. Section 2000e (5) (k).

10.      Order defendant to pay pre-judgment and post-judgment interest on all amounts

due to plaintiff as a result of this action.

11.      Order such further or alternative relief in favor of plaintiff as the court deems

appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all questions of fact or combined questions of law in fact

raised by this complaint.

Respectfully Submitted,

VALARIE J. TORRES

By Counsel

Terry L. Armentrout (VSB # 29066)
ARMENTROUT ACCIDENT & INJURY LAW, LLC
Two South Main Street, Suite 301
Harrisonburg, Virginia 22802
(540) 564-1466/Fax (540) 434-7929
Counsel for Plaintiff

7