IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| VALARIE J. TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00001 |
| | ) | |
| RECTOR AND BOARD OF VISITORS | ) | By: Elizabeth K. Dillon |
| OF THE UNIVERSITY OF VIRGINIA, | ) | United States District Judge |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION**

Valarie Torres worked as a medical assistant for the University of Virginia Medical Center until she was terminated in 2019. She brings claims against the Rector and Board of Visitors for the University of Virginia (UVA) for race and disability discrimination as well as harassment and retaliation. UVA moved to dismiss. (Dkt. No. 11.) For the reasons stated below, UVA's motion will be granted in part and denied in part.

I. BACKGROUND[1]

Starting in 2010, Torres was employed as a medical assistant at UVA Medical Center. On or around August 24, 2018, Torres transferred to the UVA Orthopedic Hand Center. Torres suffered from PTSD, anxiety, and panic attacks, conditions diagnosed and treated by her physicians.

While employed at the Hand Center, Torres' supervisor ridiculed Torres's hair and makeup. Torres alleges that her hair and makeup was "professional while still culturally consistent with her race." (Am. Compl. ¶ 9(a), Dkt. No. 6.)

---

[1] The following factual background is taken from the allegations in the amended complaint, which the court presumes to be true for purposes of this motion.

UVA denied Torres training that was required for her new job at the Hand Center. Torres made repeated requests, but UVA refused the training. UVA did provide the required training for new white employees after Torres was hired even though Torres had not received her training. Torres claims that UVA also did not provide training to other black employees.

UVA singled out Torres for floating to other departments while not requiring white employees to float. Prior to Torres transferring to the Hand Center, all the registered medical assistants would rotate when one was needed to float to another department. After Torres was hired, her supervisor would only float Torres to other departments. This practice would include floating Torres to places she was not needed, floating Torres even though there were newer employees in the Hand Center, floating Torres when the Hand Center then needed to float other people to cover Torres' job duties, and floating Torres without requiring any other medical assistant to float.

Prior to Torres' transfer, her employment record documented her anxiety and that she should be allowed to seek treatment when she suffered from an anxiety attack. However, when Torres informed her supervisor that she was experiencing an anxiety episode, Torres was denied an accommodation and instead was derided and disciplined for the symptoms she exhibited during the panic attack. UVA refused to take any steps to remedy the discrimination and harassment despite repeated complaints by Torres to her supervisor, human resources department, FEAT (Faculty Employee Assistance Program), and the ombudsman. Instead of addressing the discrimination, UVA terminated Torres on December 13, 2019, in retaliation for reporting and complaining about discrimination.

II. ANALYSIS

**A. Motion to Dismiss Standards**

UVA moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A Rule 12(b)(6) motion "challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction. In a motion to dismiss under Rule 12(b)(1), the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. A Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In such a challenge, the court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protections he or she would receive under Rule 12(b)(6). *See id.*[2]

**B. Exhaustion**

UVA argues that the complaint should be dismissed because Torres did not exhaust her administrative remedies. An employee challenging a discriminatory employment practice in Virginia must file a charge with the EEOC within 300 days from the date of the alleged

---

[2] In reply, UVA admits that a motion to dismiss based on exhaustion comes under Rule 12(b)(6), not Rule 12(b)(1). UVA also invokes sovereign immunity, and Rule 12(b)(1) likely applies to that defense. *See Haley v. Va. Dep't of Health*, No. 4:12cv16, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012) ("The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)."). Because the standards are the same when presented with a facial challenge to jurisdiction, the "distinction makes no practical difference." *Fleming v. Va. State Univ.*, Civil Action No. 3:15cv268, 2016 WL 927186, at *1 n.4 (E.D. Va. Mar. 4, 2016).

discrimination.  42 U.S.C. § 2000e-5(e)(1); *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) ("If an individual fails to file an administrative charge with the EEOC within . . . three hundred (300) days . . . then the EEOC charge is not considered timely filed.").

The amended complaint does not allege the dates of plaintiff's EEOC Charge of Discrimination or the Dismissal and Notice of Rights she received.  Also, Torres does not identify which facts in the amended complaint are contained in her charge.  By not attaching her charge or describing the charge in the complaint, defendant argues that Torres has not plausibly alleged exhaustion.

At the outset, the court notes that UVA points to no requirement that a Title VII plaintiff must attach the EEOC charge or right to sue letter to the complaint, or to otherwise describe the contents of the charge.  *See, e.g.*, *Bland v. Booth*, 7:19-CV-63-BO, 2019 WL 2296221, at *2 n.2 (E.D.N.C. May 3, 2019) ("Although Title VII requires that a claimant be notified of her right-to-sue before filing a complaint, it does not state any requirement that a plaintiff attach the right-to-sue letter to her complaint."); *Wardlaw v. City of Phil.*, Civil No. 09-39812011 WL 1044936, at *3 (E.D. Penn. Mar. 21, 2011) ("Wardlaw is not required to attach the EEOC/PHRC charges or the right-to-sue letters to his Second Amended Complaint."); *Balis v. Raltyline*, No. 08-3456, 2009 WL 799277, at *4 n.2 (D.N.J. Mar. 25, 2009) (holding that on a motion to dismiss, "the mere failure by plaintiff to provide Defendants with a copy of a right-to-sue letter does not warrant a dismissal of the Complaint for failure to state a claim upon which relief may be granted").

Moreover, plaintiff affirmatively pleaded that she exhausted her administrative remedies by "timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission, and by filing this Complaint within ninety (90) days of her receipt of a notice of

4

right to sue issued by the United States Equal Opportunity Commission." (Am. Compl. ¶ 4, Dkt. No. 6.) Separately, UVA obtained a copy of the EEOC dismissal and notice of rights. (Dkt. No. 12-1.) According to the notice, the EEOC closed Torres's file on October 8, 2020, and noted its reasoning as "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (*Id.*)[3] Plaintiff maintains that she filed her charge of discrimination on August 28, 2020, which was 259 days after the date of her termination. (Pl. Ex. 2, Dkt. No. 13.) Plaintiff states that the EEOC was "thrown off" by the dates because the charge of discrimination contained a typo stating that the termination date was 11/13/19 instead of 12/13/19. Yet, the charge still would have been timely even if the termination date was 11/13/19 (by 11 days). Plaintiff filed a letter with the EEOC correcting the mistake on October 21, 2020. (Pl. Ex. 5.)

Given these facts, the court finds that plaintiff has plausibly alleged that she exhausted her administrative remedies. Whether plaintiff did or did not exhaust her administrative remedies is an issue of fact that cannot be addressed when ruling on this Rule 12(b)(6) motion.

## C. Dismissal on Other Grounds

In the alternative, UVA argues that Torres cannot state any valid claims. First, Torres concedes that she cannot state a valid ADA claim due to the Commonwealth's sovereign immunity. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees v. Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (holding that Congress did not validly abrogate Eleventh Amendment immunity of the states with respect to the ADA). Torres also does not contest

---

[3] The court can consider the right-to-sue letter without converting this motion into a motion for summary judgment even though Torres did not attach it to her amended complaint. *See Thomas v. SW Va. Transit Mgmt. Co., Inc.*, Civil Action No. 7:19-cv-00652, 2020 WL 3237977, at *3 n.4 (W.D. Va. June 15, 2020).

UVA's motion to dismiss her claim for punitive damages and to cap her damages at $300,000. *See* 42 U.S.C. § 1981a(b)(3)(D). Only certain damages are capped at $300,000, however, and the court typically does not apply the cap until after a jury award, so the court will not cap the damages as a result of this motion. But, because there is no argument regarding punitive damages, the court will dismiss the claim for those.

In arguing that Torres cannot state a claim for race discrimination in violation of Title VII, UVA relies upon Torres' termination document, which she attached to her brief in opposition to UVA's motion to dismiss. According to UVA, this document proves that Torres was not terminated because of her race because it states instead that she was terminated for performance and behavior issues. This analysis goes beyond the proper inquiry in evaluating whether plaintiff has adequately pleaded that she was terminated on account of her race. Torres' termination document may be used against her at a later stage in these proceedings, but it has no bearing on whether Torres can plausibly allege that her termination was unlawful. Furthermore, UVA's argument that Torres failed to allege complaints in support of her retaliation claim is belied by the amended complaint that alleges Torres's repeated complaints to many persons. Thus, these claims will proceed.

### III. CONCLUSION

The court will grant UVA's motion to the extent it seeks dismissal of plaintiff's claims under the ADA and for punitive damages. The court will deny UVA's motion in all other respects and will issue an appropriate order.

Entered: March 21, 2022.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge