IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VALARIE J. TORRES,<br><br>            Plaintiff,<br><br>v.<br><br>RECTOR AND BOARD OF VISITORS OF THE UNIVERSITY OF VIRGINIA,<br><br>            Defendant. | Civil Action No. 3:21-cv-1-EKD |

**PROTECTIVE ORDER REGARDING PROTECTED HEALTH INFORMATION, PERSONNEL FILES, ELECTRONIC MAIL, AND OTHER CONFIDENTIAL MATERIALS**

Due to the subject matter of the litigation, discovery may require the examination and copying of sensitive and confidential information, including, but not limited to: (i) personal information contained in the job application files and personnel files of employees of the Defendant Rector and Visitors of the University of Virginia; (ii) medical records or protected health information; (iii) electronic mail; and (iv) other confidential materials and documents. There is a public interest in the protection of such information, and individuals have privacy interests that should be respected. Disclosure could potentially harm such interests as an unintended consequence of this litigation.

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure and federal and state laws that protect privacy, which include but are not limited to the Health Insurance Portability and Accountability Act, 42 U.S.C. §1320(d)-6 and 34 C.F.R. Part 164; the Virginia Health Records Privacy Act, Va. Code § 32.1-127.1:03; the Virginia Government

Data Collection and Dissemination Practices Act, Va. Code § 2.2-3800 *et seq.*; and the Virginia Unemployment Compensation Act, Va. Code § 60.2-100, *et seq.*, this Order provides the following with respect to information produced and disseminated in this action:

A.     **DESIGNATION OF CONFIDENTIAL INFORMATION**

   1.     For the purpose of this Protective Order, "CONFIDENTIAL INFORMATION" shall mean material or information that the producing party in good faith asserts contains confidential information embodied in records or other documents that has been so designated in any manner by the producing party, or is evidently confidential by settled federal or Virginia law.

   2.     Access to documents designated as "CONFIDENTIAL" shall be limited to: (1) the parties; (2) the parties' counsel, including staff and associates actually assisting counsel in connection with this action; (3) any outside expert, consultant, or independent contractor engaged or retained to assist counsel in the litigation provided they execute the agreement referenced below in Paragraph 4 of this Order; (4) current or former employees, members, officers, or directors of the Rector and Board of Visitors of the University of Virginia, as well as counsel for any of the foregoing, but only insofar as they are identified as an originator, signatory, author, addressee, or recipient of the "CONFIDENTIAL" material or otherwise a person with knowledge relating to the subject matter of the "CONFIDENTIAL" material; (5) independent copy and litigation support services solely for purposes of making copies, preparing exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in the action, including outside vendors hired to process electronically stored documents; (6) court reporters involved in transcribing depositions or other proceedings in this action, and videographers involved in recording depositions; (7) the Court and Court personnel involved

in with this action; (8) witnesses who are deposed in this action or who are called to testify at any hearing in this action, but only in preparation for the deposition or hearing, during the deposition or hearing, or in connection with the witness's review of the deposition transcript and provided that such witness maintains such materials in a secure and safe manner and exercises reasonable care and precaution with respect to the storage, custody, use, and dissemination of such materials; and (9) other persons, only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered.  Any material provided to a deponent or witness as referenced in this paragraph shall be returned, and shall not be retained, by the deponent/witness after the deposition/hearing and and/or the preparation therefore has concluded.

       3.    Access to documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to: (1) the parties' counsel, including staff and associates actually assisting counsel in connection with this action; (2) any outside expert, consultant, or independent contractor engaged or retained to assist counsel in the litigation provided they execute the agreement referenced below in Paragraph 4 of this Order; (3) independent copy and litigation support services solely for purposes of making copies, preparing exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in the action, including outside vendors hired to process electronically stored documents; (4) court reporters involved in transcribing depositions or other proceedings in this action, and videographers involved in recording depositions; (5) the Court and Court personnel involved in with this action; (6) witnesses who are deposed in this action or who are called to testify at any hearing in this action, but only in preparation for the deposition or hearing, during the deposition or hearing, or in connection with the witness's review of the deposition transcript

and provided that such witness maintains such materials in a secure and safe manner and exercises reasonable care and precautions with respect to the storage, custody, use, and dissemination of such materials; and (7) other persons, only by written consent of the designating party or upon order of the Court and on such conditions as may be agreed or ordered. Any material provided to a deponent or witness as referenced in this paragraph shall be returned, and shall not be retained, by the deponent/witness after the deposition/hearing and and/or the preparation therefore has concluded.

4. Before "CONFIDENTIAL INFORMATION" is disclosed to any outside expert, consultant, or independent contractor (not including a technology consultant solely handling the data for the purposes of creating a searchable database), the recipient shall be provided with a copy of this Protective Order, be advised that this Protective Order governs the use of all "CONFIDENTIAL INFORMATION" and shall agree in writing, a copy of which is to be retained by counsel, to abide by the terms of this Protective Order.

5. "CONFIDENTIAL INFORMATION" shall be held in confidence by each recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any other person, except as the Court may hereinafter provide. All produced "CONFIDENTIAL INFORMATION" shall be carefully maintained to preclude access by non-qualified recipients. This Order does not mandate the disclosure of "CONFIDENTIAL INFORMATION."

6. The designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be made by informing the other party that such information is deemed to be confidential in any pleading or other writing and/or by placing or affixing to the front of any multi-page document or to the individual page

containing the confidential information the following designation: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Additionally, any document marked by any third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated as "CONFIDENTIAL INFORMATION" and subject to the terms of this Order.

**B.      LOCAL RULE 9 TAKES PRECEDENCE**

6.      Local Rule 9, concerning "Sealed Documents," exclusively governs the filing of confidential material under seal with the Court and the dissemination of such material. The Rule trumps any provisions to the contrary in this Protective Order. Any party who seeks to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated documents, recordings, or other media that contain protected health information shall move to file the document, recording, or other media under seal.

**C.      TAX RECORDS**

7.      The parties' tax records, including but not limited to state and federal tax returns and applicable 1099's and W-2's, which are reviewed or obtained by Plaintiffs or Defendants, their representatives, or counsel, from any source in this matter through production, subpoena, or stipulation, shall be deemed to be confidential and shall be used solely for the purposes of this lawsuit, and may not be otherwise copied, disseminated, published, communicated, distributed, or used in any way except as provided for herein.

**D.      MATERIALS FROM PARTIES**

8.      When this legal action, including any appeals, concludes with a final judgment, all copies of all materials produced by Defendants Rector and Visitors of the University of Virginia or the Commonwealth of Virginia in any form must be returned to the Defendants or

destroyed to the satisfaction of Defendants' counsel no later than 60 days after the final judgment is entered. Likewise, Plaintiff's documents will be returned to her or destroyed at her counsel's direction no later than 60 days after the final judgment is entered.

E.      **MISCELLANEOUS**

9. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use any confidential material in the taking of depositions or at trial or in any proceeding in this Litigation, including any appeals. Material so used shall not lose its confidential status solely through such use, and its confidentiality shall otherwise be protected to the extent possible in conformance with this Protective Order. The parties agree, however, that any documents or information deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" *except* for documents, recordings, or other media that contain protected health information, may be filed with the Court in compliance with Rule 5.2 of the Federal Rules of Civil Procedure and without the party having to seek to have the document sealed. Any party who wishes to use any document, recording, or other media that has been deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which contains protected health information shall seek to have the document, recording, or other media filed under seal. Furthermore, nothing contained in this Protective Order, nor any action taken in compliance herewith, shall operate as an admission by any party that any particular document is, or is not, admissible in evidence in this action.

10. Should any "CONFIDENTIAL INFORMATION" be inadvertently or otherwise produced without being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such production shall not waive any

privilege as to that document or any other designated document.

11. Information contained in protected documents is protected from *oral disclosure* (the spoken word) in exactly the same way the document is protected from further dissemination. Nothing in this Order shall be construed to require the Defendants to produce wholly irrelevant information from the personnel files of state employees or wholly irrelevant protected health information.

12. Nothing herein limits a party from using the party's own documents in any fashion.

13. This Order shall remain in force and effect for two years after the final judgment in this action, including any appeals, is entered.

Entered this 22nd day of September, 2022

_____
United States Magistrate Judge